IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

HEATHER HOGROBROOKS HARRIS,

    Plaintiff,

vs.                                                    No. 18-2400-JPM-dkv

WELLS FARGO BANK, N.A.,

    Defendant.
_____

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR A
PRELIMINARY INJUNCTION
_____

On June 11, 2018, the plaintiff, Heather Hogrobrooks Harris ("Harris"), filed a *pro se* complaint against Wells Fargo Bank, N.A. ("Wells Fargo"). (Compl., ECF No. 1.) Harris filed a motion for leave to proceed *in forma pauperis* along with her complaint, (ECF No. 2.), which the undersigned magistrate judge granted on June 19, 2018. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b)(2012). The Western District of Tennessee, for *pro se* non-prisoner cases, designated to the magistrate judges "all

pretrial matters within the Magistrate Judges' jurisdiction for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1] and all other pretrial matters for proposed findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)."[2] (Admin. Order. 2013-05, Apr. 29. 2013.) Because motions for injunctive relief fall under 28 U.S.C. § 636(b)(1)(B), the undersigned magistrate judge may only issue a report and recommendation on Harris's motions for a preliminary injunction.

Now before the court are two motions filed by Harris: (1) a July 23, 2018 motion for preliminary injunction to prevent Wells Fargo from selling her home pursuant to foreclosure, and (2) an August 6, 2018 supplemental motion for preliminary injunction attempting to do the same. (Mot. & Suppl. Mot. for Prelim. Inj., ECF Nos. 10-11.). Wells Fargo responded to Harris's motions for injunctive relief, stating that it "does not oppose the aforementioned motions," has "advised [Harris] that it is agreeable to the relief sought," and "will not foreclose on [the property located at 579 Byron Drive, Memphis, Tennessee 38109]

---

[1] 28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except* a motion for *injunctive relief* . . . ." (emphasis added).

[2] 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion excepted in subparagraph (A) . . . ."

during the pendency of the present case." (Resp. to Mot. for Prelim. Inj. ¶ 2, ECF No. 23.)

Based on the parties' filings regarding Harris's motions for injunctive relief, the court concludes that the parties have reached an agreement to postpone foreclosure while this case is pending. Wells Fargo argues that, because of such agreement, Harris's motion for injunctive relief should be denied as moot. (Resp. to Mot. for Prelim. Inj., ECF No. 23.) However, Wells Fargo's voluntary cessation of the foreclosure does not render Harris's motion for injunctive relief moot.[3]

Thus, the court recommends that Wells Fargo's motion to deny Harris's motion for injunctive relief as moot be denied. The court further recommends Harris's motion for a preliminary injunction to prevent Wells Fargo from selling the above referenced property pursuant to foreclosure during the pendency of this case be granted.

IT IS SO ORDERED this 19th day of September, 2018.

---

[3] It is well settled that "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Mokdad v. Sessions*, 876 F.3d 167, 171 (6th Cir. 2017)(quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 174 (2000)). This principle prevents underhanded litigation tactics; "[o]therwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

                    s/Diane K. Vescovo
                    DIANE K. VESCOVO
                    CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.