# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HEATHER HOGROBROOKS HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:18-cv-2400-JPM-dkv |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A.,, ) | |
| ) | |
| Defendant. ) | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# AND
# GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Before the Court is the Report and Recommendation entered by the Magistrate Judge on September 19, 2018. (ECF No. 25.) The Magistrate Judge recommends that the Court grant Motion for a Preliminary Injunction filed by Plaintiff Heather Harris and restrain Defendant Wells Fargo Bank, N.A. from foreclosing on her house. (Id. See also ECF Nos. 10, 11.) Wells Fargo has not filed an objection and has previously stated that it "does not oppose" Harris's motion and "will not foreclose on" Harris's home "during the pendency of the present case." (ECF No. 23.)

Harris, however, did object to the Report and Recommendation of the Magistrate Judge. (ECF No. 26.) Harris writes that her request for injunctive relief was denied as moot and states that she is being ignored by a biased and unfair process. (Id. at PageId 124.) Harris asserts that "she wants to be heard where she has a right to be heard." (Id. at PageID 125.) Plaintiff misunderstands the Magistrate Judge's Report and Recommendation, which proposes

that Harris should receive the injunction she requests.  Specifically, the Magistrate Judge "recommends Harris's motion for a preliminary injunction to prevent Wells Fargo from selling the above referenced property pursuant to foreclosure during the pendency of this case be granted."  (ECF No. 25 at PageID 122.)

"A document filed pro se is to be liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks omitted).  The Court finds that Harris does not actually oppose the injunction that she requested.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee note.  The Court therefore reviews the Magistrate Judge's findings of fact and law for clear error.

A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  Harris asserts that she is likely to succeed on the merits, that she will suffer irreparable harm if her home is sold, that Wells-Fargo will not be harmed by this injunction, and that public policy favors a preliminary injunction. [1]  (ECF No. 11 at 65-66.)

Wells-Fargo does not oppose an injunction against the sale of Harris's home.  (ECF No. 23.)  In fact, Wells-Fargo also states that "it is agreeable to the relief sought in the

---

[1] The Court reads Plaintiff's Supplemental Petition for Preliminary Injunction, (ECF No. 10), as an affidavit in support of her Motion for Preliminary Injunction, (ECF No. 11), because pro se filings are to be interpreted liberally. Erickson, 551 U.S. at 94.

Motions for Preliminary Injunctive Relief and will not foreclose on the Property at Issue during the pendency of present case." (Id. at PageID 117.) "When one or both parties support or oppose the preliminary-injunction application on written evidence, if there is no conflict about the facts, the preliminary injunction will be granted or denied on the basis of the undisputed evidence without difficulty. Frequently this result is justified on the ground that the written evidence is presumed true if it is not contradicted." 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) For the purposes of this motion, Wells-Fargo does not dispute the written evidence presented by Harris. (See ECF Nos. 10, 11.) The Court finds there is sufficient basis for a preliminary injunction in this case. See Corning Glass Works v. Lady Cornella Inc., 305 F. Supp. 1229, 1231 (E.D. Mich. 1969) ("The statements of fact in these affidavits may be taken as true where no counter-affidavits are filed in opposition to the motion for preliminary injunction," however, "[t]he court by no means intends to prejudge the case at bar on its merits."); see also Cobell v. Norton, 391 F.3d 251, 261 (D.C. Cir. 2004) ("A preliminary injunction may be granted based on less formal procedures and on less extensive evidence than in a trial on the merits, but if there are genuine issues of material fact raised in opposition to a motion for a preliminary injunction, an evidentiary hearing is required." (internal citations omitted)).

On clear-error review, the Court ADOPTS the Report and Recommendation in its entirety. Wells-Fargo is hereby ENJOINED from selling the property located at 579 Byron Drive, Memphis, Tennessee 38109 during the pendency of this litigation. (See ECF No. 25 at 121-22.)

3

**IT IS SO ORDERED**, this 9th day of October, 2018.

                                                  /s/ Jon McCalla
                                                  JON P. McCALLA
                                                  UNITED STATES DISTRICT JUDGE