# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HEATHER HOGROBROOKS HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-2400-JPM-dkv |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, ORDER OF DISMISSAL, AND, ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is the Report and Recommendation of the Magistrate Judge entered on March 18, 2019. (ECF No. 68.) The Magistrate Judge recommends the Court dismiss this action on one of two independently sufficient grounds. (Id.) First, the Magistrate Judge finds *sua sponte* that Plaintiff Heather Hogrobrooks Harris lacks standing to bring this action. (Id. at PageID 688-94). Second, the Magistrate Judge recommends that the Court grant the Motion for Judgment on the Pleadings filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on January 3, 2019. (Id. at PageID 694-723; see Mot J. on the Pleadings, ECF No. 51.) Harris filed objections to the Magistrate Judge's Report and Recommendation on April 1, 2019. (ECF No. 69.) Wells Fargo also filed objections to the Report and Recommendation on April 1, 2019. (ECF No. 72.)

For the reasons given below, the Court ADOPTS IN PART the Report and Recommendation of the Magistrate Judge. Specifically, the Court ADOPTS the Magistrate Judge's proposed finding that Harris lacks standing to assert claims arising from her late husband's mortgage. The Court further finds Harris lacks standing to assert claims arising before her Chapter 7 bankruptcy proceeding. The Court also ADOPTS the Magistrate Judge's finding that Harris's breach of contract claim is barred by the statute of frauds. The Court dismisses the complaint in its entirety and certifies than an appeal in this matter would not be taken in good faith.

**I.    Legal Standard**

**a.  Pro Se Litigants**

"A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks omitted). "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." McCallum v. Gilless, 38 F. App'x 213, 216 (6th Cir. 2002).

**b.  Report and Recommendation**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

### c. Rule 12(c) Motions for Judgment on the Pleadings

The standard for a motion under Rule 12(c) is "nearly identical" to that for a motion brought under Rule 12(b). Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation omitted). The Court "need not," however, "accept as true legal conclusions or unwarranted factual inferences." Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir.1999). A Rule 12(c) motion should be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991).

## II. Background

### a. Factual History

The Magistrate Judge summarized the allegations in Harris's Complaint. (ECF No. 68 at PageID 682-88.) Neither party has brought a specific objection to the Magistrate Judge's proposed description of Harris's Complaint. (See ECF Nos. 69, 72.) Upon clear error review of the entire record, the Court adopts the Magistrate Judge's summary of Harris's allegations in full, including the following excerpts which are relevant to this Order:

> This case arises out of Harris's attempts to assume the mortgage of her late husband, Jimmy D. Harris, following his death in March of 2015, and to obtain a mortgage modification from Wells Fargo. (Compl., ECF No. 1 at ¶ 1.) The late Mr. Harris was the sole mortgagor and owner of the property at issue – 579 Byron Drive Memphis, Tennessee 38109. (Id. at ¶ 1.) …
>
> Mr. Harris had a will which left the real property to Harris. (Id. at ¶ 8.) In lieu of probating the will, on May 19, 2015, Harris recorded an Affidavit of Heirship with the Register of Deeds "to have her inherited property officially registered and placed in her name." (Id. at ¶ 10.)
>
> Harris continued to pay Mr. Harris's mortgage from his death through June of 2015. (Id. at ¶ 9.) …
>
> In October 2015, Harris received a notice of foreclosure. (Id. at ¶ 14.) Harris alleges that after contacting the foreclosure firm listed on the notice, she finally received her first HAMP application, which "she promptly filled out and returned." (Id. at ¶ 15.) In December 2015, however, Harris received a second notice of foreclosure. (Id. at ¶ 16.) Harris alleges that a Wells Fargo representative informed her that the Affidavit of Heirship was insufficient to vest her with a property interest in Mr. Harris's property. (Id. at ¶ 17.)… Harris opened an estate in probate court but the probate court refused to admit the will to probate…
>
> Upon filing the will for probate, Harris was named the administrator of Mr. Harris's estate, (id. at ¶ 24), and provided letters testamentary, which she sent to Wells Fargo, (id. at ¶ 23). Harris received another foreclosure notice. (Id. at ¶ 23.) Harris… withdrew as the administrator of the estate and appealed the probate court's decision denying probate of the will. (Id. at ¶ 24.)…
>
> Thereafter, Harris sent in another HAMP application, but received notices back from Wells Fargo stating that she was missing documents.

4

([Complaint, ECF No. 1] at ¶ 29.) Harris purportedly responded to those notifications, sending in the proper documents, but still received another notice of foreclosure. (Id.) In January of 2017, Harris filed for bankruptcy, (id. at ¶ 30), which she claims was because Wells Fargo refused to allow her to modify Mr. Harris's mortgage, (id. at ¶ 1).

Harris further alleges that in April of 2017 Wells Fargo allowed her to make "trial payments" totaling roughly 40% of her monthly income. (Id. at ¶ 31.) Although she paid these trial payments from May of 2017 through February 2018, Harris claims that Wells Fargo then called to inform her that she could not assume the loan until the probate matter was closed. (Id. at ¶ 35.) Wells Fargo purportedly returned all but one of her trial payments and Harris believes Wells Fargo wrongfully failed to pay her interest for the payments it held. (Id. at ¶ 32.)

Harris alleges that she repeatedly – "about five times starting in November 2017" – returned the documents requested by Wells Fargo [with regards to her HAMP application], but Wells Fargo "will not explain[] why [it] won't accept the document sent in compliance with their request and conformity with its form." (Id. at ¶¶ 37-38.)

In January 18, 2018, Harris alleges that she received a call from a Wells Fargo representative, who informed her that the mortgage modification could not be completed because Harris "did not have a vested interest in the property . . . until [the court entered] an order closing the probate and an order from that court proclaiming [Harris] as the sole owner of the property" because there were two other heirs mentioned in the will, and apparently, Wells Fargo had reservations as to the true owner of the property. (Id. at ¶ 40.)

Harris believes that Wells Fargo engaged in discriminatory lending practices by imposing requirements upon her for which "it will not offer her a reason[,] and which cannot be discerned from the documents it sends or program rules available to [her]." (Id. at ¶ 43.) She also asserts that, at the time the 2005 mortgage was entered into, Mr. Harris received "less favorable terms that his then credit rating, income[,] and full VA eligibility should have earned because of Wells Fargo's race based lending practices." (Id at ¶ 44.)

Based on the foregoing facts, Harris alleges claims under 42 U.S.C. §§ 1981, 1982, and 1985(3), as well as state law claims for "Breach of an Unconscionable Contract," detrimental reliance, fraudulent misrepresentation, and violations of the Tennessee consumer protection statutes. (Id. at PageID 14-21.)

(ECF No. 68 at PageID 682-88.)

### b. Procedural History

Harris filed this lawsuit pro se on June 11, 2018. (ECF No. 1.) On July 23, 2018, Harris moved for a preliminary injunction to prevent the foreclosure sale of the property at issue in this lawsuit. (ECF No. 11.) On September 19, 2018, the Magistrate Judge recommended that the Court grant the motion and impose a preliminary injunction. (ECF No. 25.) On October 9, 2018, the Court adopted the Magistrate Judge's recommendation, granted Harris's motion, and enjoined Wells Fargo from selling the property during the pendency of the litigation. (ECF No. 35.)

The parties came before the Court for a scheduling conference on October 5, 2018. (ECF No. 33.) Following the conference, the Court entered a Scheduling Order requiring the parties to submit briefs on subject matter jurisdiction and standing by December 7, 2018. (ECF No. 34.) Wells Fargo filed a brief on standing on December 7, 2018. (ECF No. 40.) Harris filed two briefs on the issue, one on December 13, 2018 and the other on December 14, 2018. (See ECF Nos. 42, 43.)

Wells Fargo filed a Motion for Judgment on the Pleadings on January 3, 2019, arguing that Plaintiff had failed "to plead sufficient factual matter to render any of her claims plausible." (ECF No. 51.) Harris responded on January 7, 2019. (ECF No. 53.) Wells Fargo filed a reply in support of its Motion on January 22, 2019. (ECF No. 58.) Plaintiff filed an unauthorized sur-reply on January 28, 2019. (ECF No. 60.)

On March 18, 2019, the Magistrate Judge entered the present Report and Recommendation in which she recommended that Harris's complaint be dismissed for either of two reasons. (ECF No. 68.) The Magistrate Judge submitted that Plaintiff lacked standing to

bring the claims pleaded in the Complaint because Harris is neither a party to nor an intended beneficiary of the underlying mortgage contract or the deed of trust. (ECF No. 68 at PageID 688-94.) The Magistrate Judge "recommended that Harris's complaint be dismissed *sua sponte* in its entirety for lack of standing." (ECF No. 68 at PageID 694.) In the alternative, the Magistrate Judge recommended that Wells Fargo's Motion for Judgment on the Pleadings be granted as to Harris's federal claims but stated that the Court should decline to exercise supplementary jurisdiction over Harris's state law claims. (ECF No.68 at PageID 694-724.)

Harris filed objections to the Report and Recommendation on March 21, 2019. (ECF No. 69.) On April 1, 2019, Wells Fargo objected to the Magistrate Judge's recommendation that the Court should decline the exercise of supplementary jurisdiction over Harris's state law claims. (ECF No. 72.) Also on April 1, 2019, Wells Fargo filed a response to Harris's March 21, 2019 objections. (ECF No. 73.)

**III. Magistrate Judge's Recommendations as to Standing**

The Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." Const. art. III § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). To establish standing, a plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc.

7

v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citing Lujan, 504 U.S. at 561). "The [plaintiff] bears the burden of establishing these elements." Lujan, 504 U.S. at 561.

### a. Proposed Findings as to Standing

The Magistrate Judge determined that the contract and the deed of trust were entered into by Wells Fargo and by the late Mr. Harris, so any claims arising out of the contract or the deed would belong to the estate of Harris's husband. (ECF No. 68 at PageID 691-93.) The Magistrate Judge found, however, that Harris pleaded that she was not the estate's administrator. (Id. at PageID 690.) The Report and Recommendation states that even if Harris were the administrator, an executrix cannot proceed pro se when the estate has other beneficiaries and creditors. (Id. at PageID 691 (quoting Matthews v. City of Memphis, No. 2:14-CV-02094-JTF, 2014 WL 3049906, at *5 (W.D. Tenn. July 3, 2014)).) The Magistrate Judge concluded that "Harris lacks standing to state claims with relation to the contract between Mr. Harris and Wells Fargo. Accordingly, it is recommended that Harris's complaint be dismissed *sua sponte* in its entirety for lack of standing." (ECF No. 68 at PageID 694.)

### b. Plaintiff's Objections as to Standing

First, Harris states that she has standing to bring her claims because of the Garn-St. Germain Act of 1982, 12 U.S.C. § 1701j-3(d). (ECF No. 69 at PageID 726-27.) Section 1701j-3(d), however, does not give an individual the right to enforce her late spouse's mortgage. Instead, the statute governs "due-on-sale" clauses, which typically authorize the lender to declare due the entire balance of a mortgage loan if and when the mortgagor transfers ownership of the property. 12 U.S.C. § 1701j-3(a)(1). Section 1701j-3(d)(3) states that the transfer "by

devise, descent, or operation of law on the death" of the mortgagor does not trigger a due-on-sale clause.

The Garn-St. Germain Act does not say what Harris thinks it does. Id. (ECF No. 69 at PageID 726-27.) The Act prevents Wells Fargo from using Mr. Harris's death, by itself, as the basis for making the entire loan balance due. 12 U.S.C. § 1701j-3(d)(3). It does not, however, transfer the rights in the property to Harris or release her husband's estate's obligation to continue making loan payments. See id. Harris's objection that the Garn-St. Germain Act confers standing is OVERRULED.

Second, Harris claims that "her rights in her husband's real property vested according to state law at the time of his death." (Id. at PageId 727.) Harris argues that she effectively "stands in the shoes of her husband." (Id. at PageId 729.) Harris, however, does not provide a specific legal argument or citation for this proposition. (See id.) The objection as to state law is too general to guide the Court's review. Howard, 932 F.2d at 509. Furthermore, parallel proceedings in Tennessee state courts have yet to issue a final ruling as to whether Harris inherited her husband's property. In re Estate of Harris, No. W201601768COAR3CV, 2018 WL 6444136, at *4 (Tenn. Ct. App. Dec. 10, 2018). Harris' objection that she has a vested right in the property is OVERRULED.

### c. Review

Harris alleges that the mortgage was entered between her husband and Defendant, but does not allege that she was a party to the transaction. (Complaint, ECF No. 1 at ¶ 1.) Harris has not asserted that she is an intended third-party beneficiary of the mortgage. (See generally ECF No. 1.) Tennessee law presumes that contracts are "executed for the benefit of the parties

9

thereto and not third persons." Owner-Operator Indep. Drivers Assoc., Inc. v. Concord EFS, Inc., 59 S.W.3d 63, 68 (Tenn. 2001). Harris lacks standing as to alleged injuries rising out of the contract and the deed of trust. Lujan, 504 U.S. at 560. Upon de novo review, the Court ADOPTS the Magistrate Judge's finding that Harris has not shown that she has standing to pursue claims arising from her husband's deed of trust or mortgage contract. (ECF No. 68 at PageID 694.) Below, the Court applies this finding to Harris's individual claims.

### i. The § 1985 Claim

Harris's claim under 42 U.S.C. § 1985 asserts four injuries, namely that Defendant: "caused the county sheriff… to place plaintiff's residence for sale, coerced plaintiff to take actions in state courts in an attempt to save her home, denied her the application of federal and state regulations and public policy edicts specifically enacted to protect her against the loss of her home[,] and ultimately denied her modification and assumption attempts." (ECF No. 1 at ¶ 45.) As to the first asserted injury, the sheriff's sale, Plaintiff has failed to demonstrate standing. As explained above, Harris had no legal right that would have been affected by said sale. Lujan, 504 U.S. at 560.

Plaintiff's second assertion, that she was coerced into filing a probate court action, is not an injury. Id. (ECF No. 1 at ¶ 45.) The Court takes judicial notice that Harris filed a petition seeking to admit her husband's purported will to probate on December 16, 2015. (ECF No. 40-1 at PageID 209-11.) The Court takes further judicial notice that, absent this petition, Jimmy Harris's estate would be administered intestate. (ECF No. 40-2 at PageID 219.) Harris has failed to allege how filing a petition to be designated as the executrix of her husband's estate is a legally cognizable injury. (See generally Complaint, ECF No. 1.) Absent this probate

petition, the property would remain subject to Tennessee's laws on intestacy, and Harris would have no right to oppose a foreclosure. Tenn. Code. Ann. § 31-2-104(a)(2) (describing spouse's intestate share of estate) (ECF No. 40-2 at PageID 219; see Complaint, ECF No. 1 at ¶ 45 (describing "threat of not stopping a foreclosure sale of her home by the county sheriff").) Plaintiff does not explain how a state court action brought to enforce her asserted rights harms her. The state action does not confer standing. Lujan, 504 U.S. at 560.

Plaintiff's third and fourth asserted injuries concern Defendant's alleged failure to modify the mortgage. (ECF No. 1 at ¶ 45.) Harris lacks standing to enforce the deed of trust or the contract in the first place, so a proposed modification of those rights could not give rise to a claim either. Lujan, 504 U.S. at 560. Upon de novo review, the Court concludes that Harris lacks standing to assert her claims under 42 U.S.C. § 1985. Lujan, 504 U.S. at 560. Harris's 42 U.S.C. § 1985 claim is DISMISSED for lack of jurisdiction.

### ii. The § 1981 Claim and § 1982 Claims

Harris asserts that Defendant did not accept her as the heir to her husband's property and required her to undertake state court proceedings to keep her home. (ECF No. 1 at ¶ 46.) Harris also states that Wells Fargo has infringed upon her right to inherit real property under 42 U.S.C. § 1982 because it "did not honor the public records as evidence of plaintiff[']s ownership of the property." (ECF No. 1 at ¶ 48.) Harris claims that "defendant has its course set to permanently deny plaintiff her property inheritance." (Id.)

Again, the Court takes judicial notice that Jimmy Harris died intestate. (See ECF No. 40-2 at PageID 219.) There has been no legal determination that Harris inherited the property, and Harris has suffered no injury through Wells Fargo's alleged failure to recognize a right that

11

has not been determined. (Id.) These claims are DISMISSED for lack of jurisdiction. Lujan, 504 U.S. at 560.

### iii. Other Claims

Upon de novo review, the Court ADOPTS the Magistrate Judge's finding that Harris lacks standing to assert claims arising from her husband's mortgage. (See ECF No. 68 at PageID 694.) Not all of Harris's claims, however, depend on the deed of trust or the mortgage contract. (ECF No. 1 at PageID 17-19.) The Court therefore finds that the reasons given for the Magistrate Judge's recommendation that "Harris's complaint be dismissed *sua sponte* in its entirety for lack of standing" are insufficient. (ECF No. 68 at PageID 694.) The Court addresses the complaint's other standing issues after reviewing the Magistrate Judge's recommendation as to Harris's contract claim.

## IV. Report and Recommendation as to the Breach of Contract Claim

Harris alleges that in April of 2017 Wells Fargo allowed her to make reduced "trial payments" on the mortgage. (Complaint, ECF No. 1 at ¶ 31.) She alleges she made these trial payments for ten months before defendant "made clear it was not going to honor the expectation in plaintiff that induced her performance." (Id. at ¶ 49.) Harris claims that this constitutes a "Breach of Unconscionable Contract." (Id.)

The Magistrate Judge found that this claim ultimately concerned the modification or assumption of the underlying mortgage contract. (ECF No. 68.) The Magistrate Judge stated that "[t]he Tennessee Statute of Frauds bars Harris's claim that Wells Fargo breached an oral contract for mortgage modification." (ECF No. 68 at PageID 708.) Tenn. Code Ann. § 29-2-101(b)(1); Nationsbank, N.A. (S.) v. Millington Homes Inv'rs, Ltd., No. 02A01-9805-CH-

00134, 1999 WL 79204, at *3 (Tenn. Ct. App. Feb. 19, 1999) (citation omitted)("[T]he thrust of the cases is that promissory estoppel is not recognized as an exception to the Statute of Frauds."). The Magistrate Judge found that Harris had not alleged a written agreement as to the trial payments. (ECF No. 68 at PageID 709.)

Harris did not specifically object to the Magistrate Judge's recommendation that the contract claims was barred by the Statute of Frauds. (See ECF No. 69 at PageID 727-28.) Upon review, the Court finds that the recommendation that "Harris's claim for 'breach of an unconscionable contract' be dismissed for failure to state a claim" is not contrary to law. (ECF No. 68 at PageID 709.) The recommendation of the Magistrate Judge is ADOPTED and Harris's Breach of Contract Claim is DISMISSED WITH PREJUDICE.

V. **Harris Lacks Standing to Assert Claims Arising Before January 12, 2017**

Harris's other claims fail for lack of standing, although not for the reasons articulated in the Report and Recommendation. (See ECF No. 68 at PageID 694.) Harris filed a voluntary petition for Chapter 7 bankruptcy in this District on January 12, 2017. (See In Re Heather Patrice Hogrobrooks Harris, Bkr. Case No. 2:17-bk-20334 ("Bankruptcy Case"), ECF No. 1).[1] The filing of a voluntary bankruptcy petition creates a bankruptcy estate. 11 U.S.C. § 541. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "It is well established that the 'interests of the debtor in property' include 'causes of action.'" Bauer v. Commerce Union Bank, Clarksville, Tennessee,

---

[1] The Bankruptcy Court discharged certain debts on September 25, 2017. (Bkr. Case, ECF No. 73.) On June 7, 2018, the Bankruptcy Court enter an Order Granting Motion for Relief from the Automatic Stay and Abandonment, in which it ruled that the real property at issue in this case is no longer the property of the bankruptcy estate. (Bkr. Case, ECF No. 88.) The Bankruptcy Court further ruled that Wells-Fargo "will be free to pursue all remedies, including initiating foreclosure proceedings, against the real property located at 579 Byron Drive, Memphis, TN 38109." (Id.) It does not appear that the petition has been dismissed.

13

859 F.2d 438, 441 (6th Cir. 1988). Harris filed her petition on January 12, 2017, and all legal claims she had on that date have passed to her bankruptcy estate. 11 U.S.C. § 541. She does not have standing to bring any claims she had on January 12, 2017; only her bankruptcy estate does. Tyler v. DH Capital Mgmt., Inc., 736 F.3d 455, 461 (6th Cir. 2013).

In her claims for Detrimental Reliance and for Fraudulent Misrepresentation, Harris alleges that Defendant induced her to believe that it would not foreclose on her home if she filed a probate proceeding. (ECF No. 1 at ¶¶ 50-52; 54.) Harris's probate petition was filed on December 16, 2015, before her January 12, 2017 petition. (ECF No. 40-1 at PageID 209-11.) Harris's claim that she relied on Defendant's statements to her detriment is the property of her bankruptcy estate. Tyler, 736 F.3d at 461. Harris's Detrimental Reliance and Fraudulent Misrepresentation claims are DISMISSED for lack of standing.

In her claim for violation of Tennessee consumer protections statutes, Harris states as her injury that "the defendant has refused to answer written questions… before plaintiff was forced into bankruptcy." (ECF No. 1 at ¶ 53.) As pleaded, Harris's claim for Consumer Protection violations arose before her bankruptcy petition. (Id.) Harris's claim for violation of Tennessee consumer protections statutes is DISMISSED for lack of standing. Tyler, 736 F.3d at 461.

## VI. Conclusion

The Court understands that the death of a spouse and the loss of one's home are intensely difficult experiences. The Court further acknowledges that Plaintiff has expressed frustration with Wells Fargo's representatives and, at times, with the Court. This Order does not invalidate Plaintiff's concerns or find that Wells Fargo has treated Plaintiff fairly in this case. The

14

Constitution, however, commands the Court to act only where it has jurisdiction. This responsibility places Plaintiff's concerns beyond the Court's reach.

For these reasons, the Court ADOPTS IN PART the Report and Recommendations of the Magistrate Judge. Harris's claim for breach of contract is DISMISSED WITH PREJUDICE for failure to state a claim. Harris's remaining claims are DISMISSED for lack of jurisdiction. The Preliminary Injunction is DISSOLVED. (ECF No. 35.)

### VII. Appeal Issues

The Court certifies that an appeal in this action would not be taken in good faith, and that Harris may not proceed *in forma pauperis* on appeal. Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a). The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. at 445, 82 S. Ct. at 921. The same considerations that lead the Court to dismiss Plaintiff's complaint also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and she may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.

**SO ORDERED**, this 31st day of May, 2019.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE